Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ian H. Levin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1702 | **DATE** | 3/25/2003 |
| **CASE TITLE** | Dabertin vs. HCR Manor Care Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order regarding severance bonus benefit. The court finds that the severance bonus benefit payable to plaintiff Judy Dabertin under Article IV(B) of the subject plan to be $58,477.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 6 2003 | |
| | Notified counsel by telephone. | | date docketed | 111 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 3/25/2003 | |
| | | 03 MAR 25 PM 4:47 | date mailed notice | |
| SM | courtroom deputy's initials | Date/Time received in central Clerk's Office | SM mailing deputy initials | |


| | |
|---|---|
| JUDY DABERTIN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 99 C 1702 |
| ) | |
| HCR MANOR CARE, INC. et al., ) | Magistrate Judge Ian H. Levin |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

As is applicable here, the fiscal year for the Defendant ends on May 31st. Plaintiff's termination date was November 21, 1998.

At issue is Article IV(B) of Manor Care Inc.'s Severance Plan for selected employees. That clause states:

> "The Company shall pay to the Participant as a bonus for the year in which his Termination Date falls an amount equal to a portion (determined as provided in the next sentence) of the maximum bonus that the Participant could have received under the Company's annual bonus program for the fiscal year in which his Termination Date falls. Such portion shall be determined by dividing the number of days of the Participant's employment during such calendar year up to his Termination Date by 365 (366 if a leap year). Such payment shall be made in a lump sum within 30 days after such Termination Date, and the Participant shall have no right to any further bonuses under said program."

Plaintiff, essentially, asserts that her severance bonus under Article IV(B) calculation should be based on the calendar year (1998), while Defendant argues that the fiscal year May 31, 1999 should be used in the calculation.

The Court finds that there is an ambiguity, if not an inconsistency, created by the phrase "such" calendar year Article IV(B). The dictionary definition of "such," essentially, is



"aforementioned." For example, Black's Law Dictionary 1446 (7th Ed. 1999) defines "such" as "that or those; having just been mentioned." However, there is no reference to a calendar year earlier in the subject clause. "Calendar year" simply is not aforementioned there. Thus, an ambiguity, if not an inconsistency, exists in Article IV(B).

Regardless of whether a de novo or arbitrary and unreasonable standard is applied, the Court determines that the Defendant's position is correct.

Respectfully, it doesn't make sense to employ the calendar year in the severance bonus benefit calculation, in view of the clear intent of the clause to allocate and fairly compensate a severed participant for the portion of the fiscal year that the participant worked.

The Plaintiff's motion to strike the Declaration of Wade O'Brien, contained in Plaintiff's reply memorandum, is denied. As stated, an ambiguity exists in the clause in dispute. Thus, parol evidence is allowable. Section 5.1 of the plan in states:

> "The Plan shall be administered by the Committee. The Committee shall interpret the provisions of the Plan and shall determine all questions arising in the administration thereof, including without limitation the reconciliation of any inconsistent provisions, the resolution of any ambiguities, the correction of defects, and the supplying of omissions. Any such determination by the Committee shall be conclusive and binding on all persons and shall be consistently and uniformly applied to all persons similarly situated."

As can be seen, section 5.1 grants the Committee the discretion to resolve ambiguities and inconsistencies in the Plan. O'Brien's declaration points out that problem was resolved by use of the fiscal year not a calendar year and this was the manner severance bonus benefits were paid to 25 plan participants. As discussed, this is a reasonable interpretation and resolution.

The Court notes that to interpret the clause as Plaintiff requests, would, respectfully, generate somewhat perverse results. First, because Manor Care had paid bonuses to participants

2

for the fiscal year ending May 31, 1998, calculating the pro-rata bonus by the calendar year would give participants, including Plaintiff, who terminated during 1998 two bonuses for the period between January and May 1998. Second, calculating the bonus by calendar year would preclude participants who terminated during 1999 from receiving any bonus whatsoever for their work in between June and December 1998.

It also bears mentioning that the aforedescribed declaration of Mr. O'Brien is not part of and does not relate to the original decision to deny benefits to Plaintiff, which decision (and corresponding administrative record) were on review to this Court. The Article IV(B) severance bonus benefit clause interpretation, presently before the Court, is an entirely separate decisional determination from the original decision and administrative record denying benefits to Plaintiff.

Accordingly, Plaintiff is awarded the $58,477 in severance bonus benefits under Article IV(B) tendered by Defendant and not the $108, 588.82 requested by Plaintiff.

**Dated:** March 25, 2003      **ENTERED:**

_____
Ian H. Levin
United States Magistrate Judge